UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| GENESIS DIAMONDS, LLC, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 3:15-cv-01093 |
| | ) | Judge Aleta A. Trauger |
| JOHN HARDY, INC. *et al.*, | ) | |
| Defendants. | ) | |

# MEMORANDUM

Before the court are multiple motions: (1) defendant John Hardy, Inc.'s Motion for Judgment on the Pleadings (Doc. No. 8); (2) a Motion to Dismiss for Lack of Personal Jurisdiction and Insufficiency of Service of Process (Doc. No. 17), filed jointly by defendants John Hardy USA Inc. ("John Hardy USA") and John Hardy Management Inc. ("JHMI"); a Motion to Transfer to United States District Court for the Southern District of New York, Manhattan Division (Doc. No. 19), filed jointly by John Hardy USA and JHMI; a Motion for Voluntarily [sic] Dismissal of Defendant John Hardy Management, Inc. Without Prejudice (Doc. No. 24), filed by plaintiff Genesis Diamonds, LLC ("Genesis"); and JHMI's Motion for Summary Judgment (Doc. No. 27).

For the reasons discussed herein, the court will deny as moot defendant John Hardy, Inc.'s Motion for Judgment on the Pleadings (Doc. No. 8), the claims against that defendant having already been dismissed without prejudice.

The court will grant in part, as to defendant JHMI only, the motion to dismiss without prejudice for insufficiency of process and for lack of personal jurisdiction (Doc. No. 17), and

will deny as moot both the plaintiff's Motion for Voluntarily Dismissal of that defendant (Doc. No. 24) as well as JHMI's Motion for Summary Judgment (Doc. No. 27).

The court will deny in part defendant John Hardy USA's motion seeking dismissal on the grounds of insufficient process (Doc. No. 17) and will instead grant the plaintiff 30 days to effect service properly under the Federal Rules of Civil Procedure. The court will defer ruling on that portion of the same motion seeking dismissal for lack of personal jurisdiction (Doc. No. 17) and on the Motion to Transfer (Doc. No. 19) until after service is effected.

## I. PROCEDURAL HISTORY

Genesis originally filed this action in the Circuit Court for Davidson County, Tennessee. against all three defendants, alleging unfair and deceptive trade practices in violation of the Tennessee Consumer Protection Act, fraud and promissory fraud, breach of contract, and unjust enrichment. Genesis seeks actual damages, treble damages, punitive damages, and attorney fees but did not specify the quantity of damages sought. The defendants removed the action to this court on the grounds of diversity jurisdiction, asserting "upon information and belief" that the amount in controversy exceeds $75,000. (Doc. No. 1, at ¶ 5.) The plaintiff does not contest that assertion.

John Hardy, Inc. filed an Answer (Doc. No. 7) to the complaint as well as a Motion for Judgment on the Pleadings (Doc. No. 8) on November 5, 2015, asserting in both documents that John Hardy, Inc. does not exist, having converted from a corporation to a limited liability company in December 2004, that the successor company, John Hardy LLC, ceased existence in August 2007, and that neither John Hardy, Inc. nor John Hardy LLC had any contact or involvement with the plaintiff. Within a week, Genesis responded by filing its own Motion for Voluntarily [sic] Dismissal of Defendant John Hardy, Inc. Without Prejudice (Doc. No. 9) under

Rule 41(a)(2), as well as a Response in Opposition to John Hardy, Inc.'s Motion for Judgment on the Pleadings (Doc. No. 10).

On December 3, 2015, John Hardy USA and JHMI filed separate answers to the complaint (Doc. Nos. 13, 15) as well as their Motion to Dismiss for Lack of Personal Jurisdiction and Insufficiency of Process (Doc. No. 17) and Motion to Transfer (Doc. No. 19). The motions were filed on behalf of John Hardy, Inc. as well as the other two defendants.

On December 4, 2015, the court granted the plaintiff's Motion to Dismiss defendant John Hardy, Inc. without prejudice (Doc. No. 21) on the basis that the defendant had not filed a timely response. In the same order, the court denied the Motion to Dismiss (Doc. No. 17) and Motion to Transfer (Doc. No. 19) as moot as to defendant John Hardy, Inc. only.

Genesis filed its Motion for Voluntarily [sic] Dismissal of Defendant John Hardy Management, Inc. Without Prejudice (Doc. No. 24) on December 16, 2015. On December 22, 2015, JMHI filed a Motion for Summary Judgment. (Doc. No. 27.)

The motions have all been fully briefed and are ripe for review.

## II. JOHN HARDY, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS

The court previously granted the plaintiff's motion to voluntarily dismiss defendant John Hardy, Inc. and denied the other pending motions as to John Hardy, Inc. on the basis of mootness. The court inadvertently overlooked John Hardy, Inc.'s motion for judgment on the pleadings, which was also rendered moot by the granting of the plaintiff's motion to voluntarily dismiss this defendant. This motion (Doc. No. 8) will therefore be denied as moot.

## III. JHMI'S MOTIONS

Defendant JHMI joined in the Motion to Dismiss for Insufficiency of Process and Lack of Jurisdiction (Doc. No. 17) and the Motion to Transfer (Doc. No. 19). The plaintiff responded

to these motions by asserting that it does not oppose the dismissal of JHMI without prejudice (Doc. Nos. 26, 45) and also filed its own motion to dismiss without prejudice the claims against JHMI. (Doc. No. 24.) A week later, JHMI filed its Motion for Summary Judgment (Doc. No. 27), reasserting the same grounds for dismissal of the claims against it but seeking dismissal with prejudice.

Because the plaintiff does not oppose JHMI's motion to dismiss without prejudice for insufficiency of process and lack of personal jurisdiction, the court will grant that motion (Doc. No. 17) as it pertains to defendant JHMI. The remaining motions (Doc. Nos. 19, 24, 27), insofar as they pertain to JHMI, will be denied as moot, the claims against that defendant having already been dismissed without prejudice.

## IV. JOHN HARDY USA'S MOTION TO DISMISS FOR INSUFFICIENT PROCESS

### A. Facts Relevant to the Service of Process

The Summons issued by the Davidson County Circuit Court on October 9, 2015 for John Hardy USA was personally delivered to Linda Vasso, an employee of John Hardy USA, at 4121 Hillsboro Road in Nashville, Tennessee on October 10, 2015. (Doc. No. 18, at 1; *see also* Decl. of Kim Pelletier, Doc. No. 14, at ¶ 8; Return on Personal Service of Summons, Doc. No. 26-1, at 2.) John Hardy USA removed the case to federal court two days later, on October 12, 2015, reserving the right to raise affirmative defenses based upon insufficiency of process and lack of personal jurisdiction, among others.

In challenging the sufficiency of process, John Hardy USA does not dispute that the complaint and summons were served upon Vasso in Nashville or that Vasso was employed at the time by John Hardy USA. Rather, John Hardy USA contends that Vasso was not authorized to accept service of process on behalf of John Hardy USA, that no officer, managing agent, general

agent, or any other agent authorized by law to receive service of process, including its registered agent for service of process, was served with a copy of the summons or complaint, and therefore that process was insufficient. (Doc. No. 14, at ¶¶ 6, 7, 8.) John Hardy USA asserts that it maintains its principal place of business and corporate office in New York, New York, and that it does not have a registered agent in the state of Tennessee or a chief agent in Davidson County, Tennessee. (CF No. 14, at ¶¶ 4, 5, 11).)

In response, Genesis argues that Vasso was a "manager" for John Hardy USA with actual or apparent authority to accept service of process.

**B.    Legal Standards**

The defendants' motion, filed under Rule 12(b)(5), seeks dismissal based on the insufficiency of process. When faced with such a motion, the plaintiff generally bears the burden of establishing the validity of service. *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006). Courts may look to "record evidence" and "uncontroverted affidavits" in determining whether a plaintiff has met this burden. *Id.*

The parties do not dispute that Tennessee law governing service of process applies, since service or attempted service was effected prior to removal to federal court. Under Rule 4.04(4) of the Tennessee Rules of Civil Procedure:

> Service shall be made . . . . (4) Upon a domestic corporation, or a foreign corporation doing business in this state, by delivering a copy of the summons and of the complaint to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation.

Tenn. R. Civ. P. 4.04(4). Rule 4.05, which governs service upon a defendant outside the state of Tennessee, provides in pertinent part:

> (1) Whenever the law of this state authorizes service outside this state, the service,

when reasonably calculated to give actual notice, may be made:

> (a) by any form of service authorized for service within this state pursuant to Rule 4.04;
>
> (b) in any manner prescribed by the law of the state in which service is effected for an action in any of the courts of general jurisdiction in that state;
>
> (c) as directed by the court.
>
> . . . .
>
> (3) Service by mail upon a corporation shall be addressed to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation.

Tenn. R. Civ. P. 4.05(1), (3).

Proper service of process "is not some mindless technicality." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)). The requirement stems from the Due Process Clause of the Fifth Amendment, which requires that defendants receive adequate notice of proceedings against them. *Dusenbery v. United States*, 534 U.S. 161, 167–68 (2002). Valid service of process is necessary to assert personal jurisdiction over a defendant. *See Cambridge Holdings Grp. v. Fed. Ins. Co.*, 489 F.3d 1356, 1361 (D.C. Cir. 2007) ("[U]nless the procedural requirements of effective service of process have been satisfied, the court lacks personal jurisdiction to act. . . .").

Under Tennessee law, "actual notice does not excuse the failure to serve process in compliance with [the] Rules of Civil Procedure. *Hall v. Haynes*, 319 S.W.3d 564, 574 (Tenn. 2010). Moreover, service upon an "authorized" agent under Rule 4.04(4) requires service upon an agent actually delegated to accept service of process and not merely any corporate employee. As the Tennessee Supreme Court has stated:

> The rule on serving corporations through their authorized agents 'contemplates service on agents either expressly or impliedly appointed by the defendant

> organization as agents to receive process.' [S]pecific authority to receive and accept service of process for the defendant is required, and mere acceptance of process in a single instance does not constitute valid service.

*Hall*, 319 S.W.3d at 574–75 (quoting 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1101 (hereafter, "Wright & Miller"), at 557 (3d ed. 2002), and citing *Arthur v. Litton Loan Servicing LP*, 249 F. Supp. 2d 924 (E.D. Tenn. 2002) (footnote omitted).

In *Hall*, the Tennessee Supreme Court noted that it had expressly adopted the federal courts' construction of the corresponding provision on service on corporations in Rule 4(h)(1) of the Federal Rules of Civil Procedure. *Hall*, 319 S.W.3d at 574 n.8. Thus, under both federal and Tennessee law,

> [t]he mere fact that a person acts as the defendant's agent for some purposes does not necessarily mean the person is authorized to receive service of process on the defendant's behalf. The . . . courts examine the circumstances of the agency relationship. . . . There must be evidence that the defendant intended to confer upon its agent the specific authority to receive and accept service of process for the defendant.

*Arthur*, 249 F. Supp. 2d at 929 (citing Wright & Miller § 1097, at 536–39); *see also Hall*, 319 S.W.3d 564, 583–84 ("[A] corporate agent with the authority to sign for and receive the corporation's certified mail does not, without more, qualify as an agent authorized by appointment to receive service of process on behalf of a corporate defendant.").

The holding in *Garland v. Seaboard Coastline R.R. Co.*, 658 S.W.2d 528 (Tenn. 1983), upon which Genesis relies, is not to the contrary. In that case, the Tennessee Supreme Court noted that, under both federal and Tennessee law, the rule for service upon a corporate defendant

> does not require that service be made solely upon a restricted class of formally titled officials, but rather permits it to be made upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service.

*Id.* at 531 (internal quotation marks and citations omitted). Under the facts of the case, however, it was undisputed that the person served was the "chief agent" in charge of the defendant's activities in the county in which he was served. The court held that, "as the highest ranking agent" for the defendant in that county, the individual "stood in such a position as to render it fair, reasonable, and just to imply the authority" to receive service of process on behalf of the defendant. *Id.*

Although Tennessee law governing service of process applies to the plaintiff's efforts to serve process prior to its removal, federal procedural rules otherwise govern this action following its removal to federal court. Fed. R. Civ. P. 81(c)(1); *Cowen v. Am. Med. Sys., Inc.*, 411 F. Supp. 2d 717, 720 (E.D. Mich. 2006).

**C.  Analysis**

As set forth above, the defendant maintains that Linda Vasso, the person upon whom the complaint and summons were served, was not authorized to accept service of process on behalf of John Hardy USA. The defendant's response is supported by the declaration of Kim Pelletier.

In response to the defendant's motion, Genesis asserts that Linda Vasso held herself out to be a management-level employee of John Hardy USA, and that, under Tennessee law, serving Linda Vasso personally constituted effective service on John Hardy USA. The plaintiff attached to its response an unverified copy of Linda Vasso's online "LinkedIn" profile, which indicates that Vasso's job title changed from "Education and Special Events Coordinator" to "Education and Special Events Manager" for John Hardy USA in August 2015, prior to the filing of the complaint in this action, and that Vasso served as a "Business Manager" for John Hardy USA before becoming Education and Special Events Coordinator. (See Doc. No. 26-3, at 1.) In a footnote, Genesis also represents that a video recording of service of process is available and will

be provided "if . . . necessary." (Doc. No. 26, at 12 n.7.) In support of an inference that a "manager" for John Hardy USA generally has broad power to act on behalf of the company, Genesis points out that Kim Pelletier identifies herself in her declaration as "Sales Manager" for John Hardy USA and as a person authorized to make a declaration on behalf of John Hardy USA. (Doc. No. 26, at 12 n.9.) The plaintiff also contends Linda Vasso obviously conveyed the summons and complaint to the appropriate persons, because the defendants removed the action from state court just two days after Linda Vasso was served.

On the basis of these "facts," Genesis argues that service of process upon Linda Vasso satisfied the requirements of Rule 4.04 and 4.05 of the Tennessee Rules of Civil Procedure. In the alternative, Genesis argues that, even if service was not technically effective, the court should exercise its discretion to deem service effective or to require some specific method of service rather than dismissing the complaint. (*See* Doc. No. 26, at 13.)

The court finds, first, that the printout of Linda Vasso's LinkedIn profile is inadmissible hearsay. The court will not consider that document as evidence that Linda Vasso was a "manager" for John Hardy USA. In addition, the fact that Kim Pelletier is expressly authorized by John Hardy USA to submit a declaration on behalf of the company simply has no bearing on whether Linda Vasso is authorized to accept service of process for the company. Thus, the only actual evidence in the record to support the plaintiff's assertion that Linda Vasso was authorized to accept service of process on behalf of John Hardy USA is the Return on Personal Service of Summons, on which appears the process server's sworn and notarized certification that he effected service upon "Linda Vasso, management for John Hardy Inc." (Doc. No. 26-1, at 2.)

The fact that Linda Vasso clearly was not authorized to accept service of process for "John Hardy, Inc."—an entity no longer in existence (*see* Part II, above) and for which she did

not work—as opposed to "John Hardy USA," raises red flags as to the accuracy of the process server's certification. Moreover, even if the court accepts as a fact that Linda Vasso was some sort of "manager" for John Hardy USA, there is simply no evidence in the record from which the Court could conclude that her managerial duties included accepting service of process on behalf of the corporation. *Cf. Arthur*, 249 F. Supp. 2d at 929 ("[T]he mere fact that a person acts as the defendant's agent for some purposes does not necessarily mean the person is authorized to receive service of process on the defendant's behalf." (citations omitted)).

Notably, in this case, although Genesis states that it has in its possession a videotape of the act of service, it has not produced a transcript thereof or the declaration of the process server. Genesis does not represent, even as a matter of hearsay, that the process server asked Vasso if she was authorized to accept service of process and that she answered that question in the affirmative. Further, Genesis has not provided the declaration or affidavit of any attorney attesting to the efforts made to ascertain *ahead of time* whether Vasso was authorized to accept service. *See Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 66 (D.D.C. 2011) ("The plaintiff must use due diligence before service of process to determine the proper agent and to conform to the requirements of the rule." (citation omitted)).

Other federal courts addressing similar circumstances have reached a similar conclusion. For instance, in *Williams v. GEICO*, the plaintiff argued that service upon an executive secretary in the corporate defendant's general counsel's office was effective because the employee allegedly identified herself as a "legal officer" of the corporate defendant and because she neither refused service nor expressly indicated she was unauthorized to accept service. The court rejected that argument, stating: "A failure to disavow authority to accept service of process, especially when one was never asked if she held such authority, does not demonstrate that one

represented herself as having authority." *Id.* at 66. The court also observed that the plaintiff failed to establish that he had conducted due diligence *before* service of process to determine the proper agent and to conform to the requirements of the rules governing service. *Id.*; *accord Nationwide Mut. Ins. Co. v. Kaufman*, 896 F. Supp. 104, 109 (E.D.N.Y. 1995) ("Where a process server is led to believe, by employees of the defendant corporation, that he is serving papers on a managing agent of that corporation or other person authorized to accept service, service will be deemed valid if that belief is reasonable.").

And finally, under Tennessee law as well as federal law, actual notice of the lawsuit is immaterial to the question of whether proper service was actually effective. *Arthur*, 249 F. Supp. 2d at 927. Thus, the fact that Vasso apparently knew what to do with the summons and complaint, such that John Hardy USA filed its removal documents within two days after Genesis delivered a copy of the complaint and summons to Vasso, is immaterial.

In short, based on these facts and circumstances, the court finds that Genesis has not met its burden of showing that proper service of process has been made upon John Hardy USA under Tennessee law.

The question before the court, then, is whether to dismiss the complaint or allow additional time to effect service. In that regard, the court observes that the motion to dismiss for insufficient process and the plaintiff's response in opposition thereto were both filed within roughly 60 days of service of process, well short of the 120 days allowed under Rule 4(m) of the Federal Rules of Civil Procedure to effect service of process.[1] The court's docket and case load, regrettably, did not permit a more prompt resolution of the motions, but it is clear that, at the

---

[1] Rule 4(m) was modified effective December 1, 2015 to require service within 90 days after the complaint is filed.

time they were filed, Rule 4(m) had not come into play.

Nonetheless, more than 120 (and well over 90) days have now passed without the plaintiff's having achieved effective service of process. Under the version of Rule 4(m) of the Federal Rules of Civil Procedure in effect at the time the plaintiff attempted service of the complaint:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (2015). In other words, when a plaintiff has shown good cause for failing to timely serve a defendant, the court must extend the time for service for an appropriate period. *Stewart v. Tenn. Valley Auth.*, 238 F.3d 424 (Table), 2000 WL 1785749, at *1 (6th Cir. Nov. 21, 2000).

If the court had ruled promptly on the motion, the plaintiff would have had time to serve the complaint in compliance with Rule 4 (of the Federal Rules) prior to the expiration of the deadline for doing so. Moreover, John Hardy USA has had actual notice of the lawsuit since shortly after it was filed and has not shown that it would be prejudiced by an extension of the service deadline.[2] Accordingly, in the interests of justice and in the exercise of its discretion, the court will deny the defendant's motion to dismiss the complaint under Rule 12(b)(5) and will instead grant the plaintiff time to effect proper service upon the defendant in accordance with Rule 4(h)(1) of the Federal Rules of Civil Procedure.

---

[2] The lack of prejudice to the defendant is further bolstered by the fact that it appears from the allegations in the complaint that the statute of limitations for the plaintiff's claims has not yet expired.

## V. CONCLUSION

For the reasons set forth herein, the court will:

(1) deny as moot defendant John Hardy, Inc.'s Motion for Judgment on the Pleadings (Doc. No. 8), the claims against that defendant having already been dismissed without prejudice;

(2) grant, as to defendant JHMI only, the Motion to Dismiss for Lack of Personal Jurisdiction and Insufficiency of Service of Process (Doc. No. 17);

(3) deny as moot the remaining motions filed by or on behalf of John Hardy Management Inc.; and

(4) deny in part the Motion to Dismiss for Lack of Personal Jurisdiction and Insufficiency of Service of Process (Doc. No. 17) filed on behalf of defendant John Hardy USA Inc. The court will deny that motion insofar as it seeks dismissal of the complaint on the grounds of insufficient process. The denial will be without prejudice to the defendant's ability to file another Rule 12(b)(5) motion to dismiss in the future if the plaintiff fails to effect sufficient service of process in compliance with Rule 4 within the time allotted by the court.

(5) The court will grant plaintiff Genesis Diamonds, LLC 30 days to effect proper service upon the defendant in accordance with Rule 4(h)(1) of the Federal Rules of Civil Procedure.

(6) Finally, the court will defer ruling on John Hardy USA's Motion to Dismiss (Doc. No. 17) insofar as it seeks dismissal on the grounds of lack of personal jurisdiction, and defer ruling on the Motion to Transfer (Doc. No. 19), in its entirety, until after the plaintiff either achieves or fails to achieve service of process within the time allotted.

An appropriate order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge